1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CRAIG T. CONKLIN,                              No.  2:15-cv-1616-CKD

12                 Plaintiff,

13        v.                                        ORDER

14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,

15
                   Defendant.
16

17

18        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner") finding plaintiff was not disabled for purposes of receiving Disability

20   Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").  For the reasons

21   discussed below, the court will grant plaintiff's motion for summary judgment, deny the

22   Commissioner's cross-motion for summary judgment, and remand this matter under sentence four

23   of 42 U.S.C. § 405(g).

24   I.        BACKGROUND

25        Plaintiff, born November 20, 1975, applied on October 24, 2013 for DIB, alleging

26   disability beginning January 15, 2012.  Administrative Transcript ("AT") 42, 97, 209-15.

27   Plaintiff alleged he was unable to work due to depression/anger, migraines with tension

28   headaches, left lower extremity radiculopathy, patellofemoral disease of the right knee, a fused

artificial bone in his right hand, high blood pressure lower back spasm, discongenerative cartilage, neuropathy in his hands and feet, anal bleeding, arthritis, and tendonitis.  AT 229.  In a decision dated January 5, 2015, the ALJ determined that plaintiff was not disabled.[1]  AT 14-24.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant meets the insured status requirements of the Social Security Act through June 30, 2017.
>
> 2.  The claimant has not engaged in substantial gainful activity since January 15, 2012, the alleged onset date.
>
> 3.  The claimant has the following severe impairments: peripheral neuropathy, hyperlipidemia, migraines, major depression, posttraumatic stress disorder, degenerative disc disease of the

---

[1]     Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401, *et seq.*  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. §§ 1382, *et seq.*  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment . . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

lumbar spine with radiculopathy and hemorrhoids.

4.   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can lift and/or carry ten pounds occasionally and five pounds frequently, can stand and/or walk for two hours in an eight-hour day, can sit for six hours in an eight-hour day, can sit and/or stand in thirty minute intervals, can occasionally climb ramps and/or stairs, balance, stoop, kneel, crouch and/or crawl, cannot climb ladders, ropes or scaffolds, can frequently handle and/or finger, must avoid machinery, heights, concentrated exposure to temperature extremes, fumes, odors, dusts, gases and poor ventilation, requires ready access to a restroom, can perform simple instructions, cannot perform fast-paced work or work that requires intense concentration for more than one hour without a five minute change in focus and can occasionally interact with coworkers, supervisors and the public.

6.  The claimant is unable to perform any past relevant work.

7.  The claimant was born on November 20, 1975 and was 36 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date.

8.  The claimant has at least a high school education and is able to communicate in English.

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable job skills.

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.  The claimant has not been under a disability, as defined in the Social Security Act, from January 15, 2012, through the date of this decision.

AT 16-23.

II.      ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not

disabled: (1) failed to properly evaluate and credit the Veterans' Administration's ("VA")

disability rating determination contained in the record; (2) improperly ignored VA psychologist

3

1    Dr. Brown's psychological examination results and opinion regarding plaintiff's mental residual

2    functional capacity ("RFC"); and (3) improperly failed to adequately capture within his RFC

3    determination the mental functional limitations opined by Dr. Sunde despite assigning

4    "considerable weight" to that physician's opinion.

5    III.    LEGAL STANDARDS

6        The court reviews the Commissioner's decision to determine whether (1) it is based on

7    proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

8    as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial

9    evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340

10   F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable

11   mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th

12   Cir. 2007) (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)).  "The ALJ is

13   responsible for determining credibility, resolving conflicts in medical testimony, and resolving

14   ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).

15   "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one

16   rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

17       The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th

18   Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's

19   conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not

20   affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see

21   also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the

22   administrative findings, or if there is conflicting evidence supporting a finding of either disability

23   or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,

24   1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in

25   weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

26   /////

27   /////

28   /////

4

1    IV.    <u>ANALYSIS</u>

2      A.   *The ALJ Erred by not Properly Considering the VA's Disability Ratings*

3       First, plaintiff argues that the ALJ erred by not properly considering and weighing the

4 VA's determination that plaintiff had a service connected disability rating of 100 percent.

5       On August 9, 2012, the VA issued a disability rating decision that found plaintiff to have a

6 combined disability rating of 80 percent as of February 22, 2012 as a result of his physical

7 impairments, and deferred a decision on how his mental impairments, namely his depression,

8 impacted his disability rating. AT 796-802. The VA subsequently reassessed plaintiff's

9 disability rating and issued an updated decision on June 26, 2013. AT 296-303. In this updated

10 determination, the VA attributed a 70 percent disability rating to plaintiff's depression, and

11 increased the disability ratings associated with certain physical impairments that it had earlier

12 determined to have been not disabling. <u>Id.</u> The VA further determined that plaintiff's depression

13 caused the assessed level of disability effective September 14, 2012, while the increased level of

14 disability with regard to plaintiff's physical impairments was established from May 9, 2013. AT

15 303. Overall, the VA determined that plaintiff had a combined disability rating of 100 percent.

16 <u>Id.</u>

17       In his decision, the ALJ dismissed the VA's disability ratings with the following

18 rationale: "[t]he undersigned is not bound by a finding of disability provided by another agency as

19 a finding of disability is reserved to the Commissioner." AT 20. Plaintiff contends that the ALJ's

20 rationale was erroneous in light of the Ninth Circuit Court of Appeals' case law regarding how an

21 ALJ is supposed to treat VA disability rating determinations. The court agrees.

22       Generally, findings of disability for purposes of other programs or agencies are not

23 binding in social security cases, because such programs may have rules that differ from social

24 security law. <u>See</u> 20 C.F.R. § 404.1504. Nevertheless, the Ninth Circuit Court of Appeals has

25 held that "an ALJ must ordinarily give great weight to a VA determination of disability."

26 <u>McCartey v. Massanari</u>, 298 F.3d 1072, 1076 (9th Cir. 2002). In <u>McCartey</u>, the Ninth Circuit

27 explained that it reached this conclusion:

28

1
2
3
4
5
6
7
8
9

> [B]ecause of the marked similarity between [the Social Security Administration's ("SSA") and VA's disability programs]. Both programs serve the same governmental purpose—providing benefits to those unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims. Compare 38 C.F.R. § 4.1 et seq. (VA ratings) with 20 C.F.R. § 404.1 et seq (Social Security Disability). Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims. Both are administered by the federal government, and they share a common incentive to weed out meritless claims. The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework.

10   Id. While an ALJ is ordinarily required to provide great weight to a VA disability rating, he "may

11   give less weight to [such a] rating if he gives persuasive, specific, valid reasons for doing so that

12   are supported by the record" because "VA and SSA criteria for determining disability are not

13   identical." Id.

14         Here, the ALJ failed to provide persuasive, specific, valid reasons for not assigning great

15   weight to the VA's disability ratings determinations. The ALJ's sole stated reason for

16   discounting the VA's disability rating decisions was that he was not bound by that Agency's

17   determinations because a conclusion regarding whether plaintiff was disabled was reserved to the

18   Commissioner with regard to plaintiff's DIB application. AT 20. Such a summary rejection of

19   the VA's disability ratings merely because they were issued by another agency— an agency that

20   utilizes criteria for assessing disability that easily translate into the SSA's disability framework—

21   was insufficient to meet the Ninth Circuit's "persuasive, specific, valid reasons" requirement.

22   See McCartey, 298 F.3d at 1076. Accordingly, the ALJ's consideration of the VA's disability

23   determination was erroneous.

24         Defendant argues that the ALJ's treatment of the VA's disability rating decision was not

25   erroneous because the mental limitations contained in the ALJ's RFC determination were actually

26   consistent with the VA's assignment of a 70 percent disability rating to plaintiff's mental

27   impairments. However, this argument is without merit because the VA's overall disability ratings

28

1   were not based solely on plaintiff's mental impairments, but also took into account plaintiff's

2   physical impairments.  Moreover, the ALJ specifically noted in his decision that he declined to

3   adopt or assign any weight to the VA's ratings, thus indicating that the ALJ understood that

4   agency's determination, including its determination regarding the impact of plaintiff's mental

5   impairments, to be inconsistent with his own findings regarding the extent of plaintiff's

6   limitations.   Because the ALJ rejected the VA's disability ratings in the record without providing

7   "persuasive, specific, valid reasons" in support of his determination, the court finds that the ALJ

8   committed prejudicial error.  McCartey, 298 F.3d at 1076.

9       B. *The ALJ also Erred in Failing to Discuss and Weigh the Medical Opinion of Dr.*

10          *Brown*

11   Second, plaintiff argues that the ALJ erred by failing to specifically discuss or weigh the

12   medical opinion of VA psychologist Dr. Brown.

13   20 C.F.R. § 404.1527(c) mandates that the Commissioner consider every medical source

14   opinion by promising claimants that the administration "will evaluate every medical opinion we

15   receive."  Id.  This regulation defines medical opinions as "statements from physicians and

16   psychologists or other acceptable medical sources that reflect judgments about the nature and

17   severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and

18   prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or

19   mental restrictions."  Id. § 404.1527(a)(2).

20   The court finds that the medical report issued by Dr. Brown constituted a physician's

21   opinion under the applicable regulations because it reflected the medical judgment of one of

22   plaintiff's physicians regarding the nature and severity of plaintiff's mental impairments made in

23   functional terms applicable to determining disability under the Act.  See id.  Accordingly, the

24   ALJ was required to consider Dr. Brown's opinion and to explain what, if any, weight he

25   assigned to it in determining plaintiff's RFC along with reasons in support of that conclusion.  Id.

26   § 404.1527(c).  However, the ALJ failed to satisfy these requirements.  Indeed, the ALJ failed to

27   specify in his RFC discussion what weight, if any, he accorded to Dr. Brown's opinion and his

28   reasons for making such a determination.  See AT 19-22.  Moreover, the ALJ provided no

1  specific discussion of Dr. Brown's opinion at any point in the decision, thus providing a strong

2  indication that he wholly failed to consider it.  The ALJ's lack of consideration makes it difficult

3  for the court to conduct its review of the final decision of the Commissioner and violates the

4  ALJ's duty to evaluate all of the medical opinion evidence in the record.  Accordingly, the ALJ

5  erred by failing to consider Dr. Brown's opinion.  See Garrison v. Colvin, 759 F.3d 995, 1012-13

6  (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while

7  doing nothing more than ignoring it, asserting without explanation that another medical opinion is

8  more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis

9  for his conclusion.")

10         Defendant argues that any error the ALJ may have committed in failing to consider Dr.

11  Brown's opinion is harmless error because the mental limitations contained within the ALJ's RFC

12  determination indicate that the ALJ incorporated all of the functional limitations Dr. Brown

13  opined.  This argument is not well taken, however, because it is not especially clear that the ALJ

14  actually tried to capture the limitations Dr. Brown opined.  Given the somewhat vague nature of

15  the functional limitations Dr. Brown opined, see AT 563-64, and the ALJ's complete silence as to

16  how he considered and weighed those opined limitations, the court is unable to effectively

17  determine whether the ALJ's RFC determination adequately captured Dr. Brown's findings.

18  Furthermore, while defendant provides her own seemingly reasonable interpretation of what Dr.

19  Brown meant with regard to her opined limitations, the interpretation of medical opinion evidence

20  and how it factors into a claimant's RFC is a matter left solely to the ALJ, see Andrews v.

21  Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995), and the ALJ has not provided any indication as to

22  how he considered Dr. Brown's opinion.  Accordingly, the ALJ's error in failing to even

23  specifically discuss Dr. Brown's opinion, let alone provide what, if any, weight he gave it, was

24  not harmless error.

25         C.  *The ALJ's Errors Warrant Remand for Further Administrative Proceedings*

26         Plaintiff contends that the ALJ's prejudicial errors warrant remand of this case for

27  payment of benefits.  The court disagrees and finds instead that remand of this case for further

28  administrative proceedings is appropriate.

8

When the court finds that the ALJ committed prejudicial error, it has the discretion to remand or reverse and award benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Generally, if the court finds that the ALJ's decision was erroneous or not supported by substantial evidence, the court must follow the "ordinary remand rule," meaning that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014).  A remand for an award of benefits is inappropriate where the record has not been fully developed or there is a need to resolve conflicts, ambiguities, or other outstanding issues.  Id. at 1101.

Here, the ALJ's failure to properly discuss and weigh the VA's disability rating determinations and Dr. Brown's opinion require remand so that the ALJ can properly consider and weigh them in light of the other evidence in the record.  On remand, the ALJ shall reassess the VA's disability rating determinations and the medical opinion evidence in the record, and clearly discuss, physician-by-physician, what, if any, weight he assigned to each opinion, his reasons for making such a determination, and why substantial evidence supports such a determination.  The ALJ is free to develop the record in other ways, as needed.

Importantly, the court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand.  The court also does not instruct the ALJ to credit any particular opinion or testimony.  On remand, the ALJ may determine that any, some, or all of medical opinions in the record, are entitled to controlling weight, substantial weight, reduced weight, or no weight at all—provided that the ALJ's determination complies with applicable legal standards, is clearly articulated via appropriate reasoning provided in the decision, and is supported by substantial evidence in the record.

D.    *Other Issues*

In light of the court's conclusion that the case must be remanded for further analysis of the VA's disability rating determinations and Dr. Brown's opinion with regard to determining plaintiff's RFC, the court declines to reach the remaining issue presented by plaintiff, namely, plaintiff's contention that the ALJ erred in considering and weighing Dr. Sunde's opinion.  On remand, the ALJ will have an opportunity to further consider Dr. Sunde's opinion in the context

1   of a proper evaluation of the VA's disability rating determinations, Dr. Brown's opinion, and the

2   record as a whole.  The ALJ will also be free to reevaluate his analysis and/or further develop the

3   record with respect to any other issue, as needed.

4   V.      CONCLUSION

5           For the reasons stated herein, this matter will be remanded under sentence four of 42

6   U.S.C. § 405(g) for further administrative proceedings that address the errors noted above.

7   Accordingly, IT IS HEREBY ORDERED that:

8           1.  Plaintiff's motion for summary judgment (ECF No. 13) is granted for purposes of

9   further administrative proceedings consistent with the court's directions set forth above;

10          2.  The Commissioner's cross-motion for summary judgment (ECF No. 18) is denied; and,

11          3.  This matter is remanded for further proceedings consistent with this order.

12   Dated:  October 3, 2016

13                                          _____
                                            CAROLYN K. DELANEY
14                                          UNITED STATES MAGISTRATE JUDGE

15   11 conklin1616.ss

16

17

18

19

20

21

22

23

24

25

26

27

28

10